UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Action No.

PETER A. CRAWFORD, Plaintiff )
)
v. )
) COMPLAINT
Celia BLUE, individually and in her official capacity )
as the Massachusetts Registrar of Motor Vehicles, and )
Rachel Kaprielian, individually and in her official )
capacity as the former Massachusetts Registrar of ) (Jury Trial
Motor Vehicles ) Demanded)
)
Defendants )
)

## JURISDICTION

1.  Plaintiff Peter A. Crawford is a citizen of the State of New Hampshire and has an address of 171 Brackett Rd., Rye, NH 03870.

2.  Defendant Celia Blue is the current Registrar of the Massachusetts Registry of Motor Vehicles (the "Registry"), is a citizen of the Commonwealth of Massachusetts, and has an address of 10 Park Plaza, Suite 4160, Boston, MA 02116.

3.  Defendant Rachel Kaprielian is the former Registrar of the Massachusetts Registry of Motor Vehicles, is a citizen of the Commonwealth of Massachusetts, and has an address of One Ashburton Place, Suite 2112, Boston, MA 02108.

4.  The amount in controversy with respect to this case is $100,000, exclusive of interest and costs.

1

5. Plaintiff invokes this Court's jurisdiction with respect to his federal civil rights claims pursuant to 28 U.S.C. §1343(a), and with respect to his other claims pursuant to the diversity jurisdiction of this Court, 28 U.S.C. §1332(a)(1) and the supplemental jurisdiction of this Court, 28 U.S.C. §1367(a).

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. The allegations of paragraphs 1-5 above are incorporated herein by reference.

7. On July 19, 2011, plaintiff was stopped while driving through Salem, Massachusetts and issued citation R1252519 (the "Citation"), allegedly for traveling 34 m.p.h. in a 20 m.p.h. zone on Raymond Rd.

8. Other than the Citation, plaintiff's driving record for the past ten years is completely clean.

9. Plaintiff has valid defenses to the Citation, inter alia, the entirety of Raymond Rd. is presently completely devoid of speed limit signs.

10. Plaintiff fully complied with the provisions of the Citation, which mentions no "filing fee," by timely requesting a hearing on July 30, 2011.

11. Defendant Kaprielian responded to the hearing request by way of a notice dated August 2, 2011, addressed to the plaintiff in New Hampshire. The notice asserts that a $25 "filing fee" is required to be paid to the Registry in order to schedule a hearing. It attempts to coerce the payment by enumerating dire consequences associated with non-payment, including default, increased liability, suspension of driving privilege, and loss of the opportunity for a hearing.

12. M.G.L. c. 90C §3 does not provide for the refund of filing fees paid by motorists who prevail on traffic citations, and the Salem District Court has refused to order refunds.

13. M.G.L. c. 90C §3 violates the due process provisions of the United States and Massachusetts and Constitutions, and the prohibition against requiring the purchase of justice in the Massachusetts Constitution. Any provision requiring the payment of a "filing fee" in order to obtain a hearing is therefore void and without effect.

14. Some or all of the "filing fee" would have been retained by the Registry pursuant to M.G.L. c. 90C §3(A)(4).

15. On August 15, 2011, the same day that he received the notice from Ms. Kaprielian, plaintiff wrote back to her stating that the "filing fee" was unconstitutional and would not be paid. The letter insists that a hearing nevertheless be scheduled.

16. On August 22, 2011, Fred, alleging himself to be employee R004 of the Registry, telephoned plaintiff's 603 area code telephone number in New Hampshire, refused to schedule a hearing, and threatened action against plaintiff's vehicle-related rights in New Hampshire should he not pay the "filing fee."

17. Defendant Kaprielian failed to forward the hearing request to the Salem District Court, the proper venue for hearing on the Citation, and there is no record in that court of any case involving the plaintiff.

18. On February 12, 2012, without the prior notice required by Massachusetts General Laws ("MGL") c. 90C §3(A)(6)(a) or the prior notice and opportunity for a hearing required by the decision of a three judge panel of this Court in Pollard v. Panora, 411 F.Supp. 580, 586 (D. Mass. 1976), defendant Kaprielian, acting through the

3

employees and agents of the Massachusetts Registry of Motor Vehicles of which she was then head, caused the Massachusetts driving privilege of the plaintiff to be suspended, solely because of the non-payment of a $25 "filing fee" connected with the Citation.

19. M.G.L. c. 90C §3(A)(6)(a) permits suspensions only for failing to request a hearing, not for non-payment of a "filing fee."

20. The suspension is void and without effect as plaintiff was not provided the due process required by statute, by the <u>Pollard</u> decision, the due process clause of the Fourteenth Amendment to the United States Constitution, and the due process provisions of the Massachusetts Constitution.

21. Defendant Kaprielian, acting through her employees and agents, caused computer system entries to be made, knowing and intending that the alleged suspension would be communicated to agents of the State of New Hampshire, with the goal of coercing the plaintiff to pay the unconstitutional filing fee.

22. Defendant Kaprielian knowingly and intentionally caused communications with the plaintiff and other persons within the State of New Hampshire in furtherance of her scheme to extort payment of the unconstitutional and unlawful "filing fee" from the plaintiff. Defendant Blue refused to retract those communications following plaintiff's demand. They are therefore subject to the law and Constitution of New Hampshire.

23. On June 24, 2014, plaintiff sent a final demand, threatening this suit if his driving privilege was not reinstated, to the current Registrar, defendant Blue.

24. In response to that letter, Denise Flynn of the Registry, by way of a letter dated July 10, 2014, confirmed that a suspension, effective February 12, 2012, had

resulted from non-payment of the alleged "filing fee" in connection with the Citation. The letter indicated that "there is nothing the Registry can do for you."

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of federal civil rights law)

25. The allegations of paragraphs 1-24 above are incorporated herein by reference.

26. The imposition of a non-refundable "filing fee" in order to receive a hearing on a traffic citation serves to deprive the plaintiff of his property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

27. Plaintiff has a constitutional right to a hearing on the traffic citation. Requiring him to surrender his property, particularly without the possibility of a refund, in order to exercise that right, imposes an unconstitutional condition upon him in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

28. Independent of the constitutionality of the "filing fee," plaintiff had a right to notice and an opportunity for a hearing prior to the suspension of his Massachusetts driving privileges, neither of which was provided.

29. Plaintiff was inconvenienced and damaged by the unlawful suspension. Defendants Kaprielian and Blue are liable to the plaintiff for compensatory damages pursuant to 42 U.S.C. §1983.

30. The conduct of defendants Kaprielian and Blue in obstinately insisting on payment of the unconstitutional and unlawful "filing fee," which enhances the coffers of the Registry, and attempting to extort payment of such fee from plaintiff, constitutes

outrageous conduct in violation of clearly established constitutional rights. Because defendants' actions have an extraordinary chilling effect on the justice system for motor vehicle offenses, exemplary damages are highly appropriate. Both defendants are liable to the plaintiff for punitive damages pursuant to 42 U.S.C. §1983.

31. Defendant Blue is subject to injunctive and declaratory relief ordering that the plaintiff's driving privilege be reinstated, a declaratory judgment that the alleged suspension is void ab initio, and a declaratory judgment that the "filing fee" is unconstitutional, all pursuant to 42 U.S.C. §1983.

### AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Massachusetts civil rights act)

32. The allegations of paragraphs 1-31 above are incorporated herein by reference.

33. Defendant Kaprielian, by and through her employees and agents, utilized threats, intimidation and coercion in an attempt to extort the unconstitutional filing fee from the plaintiff.

34. The attempt to impose the unconstitutional "filing fee" and the suspension of plaintiff's operating privilege, without notice or opportunity for a hearing, violated the due process clause of the Fourteenth Amendment to the United States Constitution, as well as the due process rights embodied in Articles I, X and XII of Part 1 of the Massachusetts Constitution.

35. The attempt to impose the "filing fee" violates the prohibition against requiring the purchase of justice embodied in Article XI of Part 1 of the Massachusetts Constitution.

36. Therefore, defendant Kaprielian is liable for money damages and defendant Blue is liable for injunctive and declaratory relief pursuant to M.G.L. c. 12 §11I.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of New Hampshire Constitution)

37. The allegations of paragraphs 1-36 above are incorporated herein by reference.

38. Defendant Kaprielian, acting through her employees and agents knowingly caused communications directed to persons within New Hampshire, causing damage to the plaintiff therein. Defendant Blue, after becoming aware of the communications, knowingly refused to take action to retract them.

39. Defendants are therefore liable to the plaintiff for violation of the New Hampshire Constitution, Part 1, Article 14 and its prohibition against requiring the purchase of justice. They are liable for money damages, injunctive and declaratory relief.

## RELIEF SOUGHT

WHEREFORE, Plaintiff seeks compensatory and punitive damages from defendants, jointly and severally, in the amount of $100,000.

WHEREFORE, Plaintiff seeks attorney fees, pursuant to 42 U.S.C. §1988(b) and M.G.L. c. 12 §11I.

WHEREFORE, Plaintiff seeks costs.

WHEREFORE, Plaintiff seeks interest.

WHEREFORE, Plaintiff seeks a preliminary and permanent injunction ordering defendant Blue to reinstate his Massachusetts driving privilege and to remove any and all allegations of suspension from all computer systems under her control.

WHEREFORE, Plaintiff seeks a declaratory judgment that the suspension of his driving privilege is void ab initio.

WHEREFORE, Plaintiff seeks a declaratory judgment that the "filing fee" violates the United States, Massachusetts and New Hampshire Constitutions and that the failure to provide advance notice and an opportunity for a hearing on the suspension violates the United States and Massachusetts Constitutions.

WHEREFORE, Plaintiff seeks such other relief as the Court finds just and meet.

Respectfully submitted,

_____
Peter A. Crawford, pro se
23 Newcastle Dr. #11
Nashua, NH  03060
(603)888-4574

Date: July 18, 2014

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | |
|---|---|
| Peter A. Crawford <br> *Plaintiff* <br> v. <br> Celia Blue, individually and in her official capacity as the Massachusetts Registrar of Motor Vehicles <br> *Defendant* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    Celia Blue
    Registrar of Motor Vehicles
    10 Park Plaza
    Suite 4160
    Boston, MA 02116

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    Peter A. Crawford, pro se
    171 Brackett Rd.
    Rye, NH 03870

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    July 18, 2014

                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | | |
|---|---|---|
| Peter A. Crawford | ) | |
| _Plaintiff_ | ) ) ) | |
| v. | ) | Civil Action No. |
| Rachel Kaprielian, individually and in her official capacity as the former Massachusetts Registrar of Motor Vehicles | ) ) ) | |
| _Defendant_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
    Rachel Kaprielian
    Executive Office of Labor and Workforce Development
    One Ashburton Place
    Suite 2112
    Boston, MA  02108

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    Peter A. Crawford, pro se
    171 Brackett Rd.
    Rye, NH  03870

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date:     July 18, 2014                                                             _Signature of Clerk or Deputy Clerk_