# United States Court of Appeals
## For the First Circuit

No. 15-1545

PETER A. CRAWFORD,

Plaintiff, Appellant,

v.

CELIA BLUE, individually and in her official capacity as the Massachusetts Registrar of Motor Vehicles; RACHEL KAPRIELIAN, individually and in her official capacity as the former Massachusetts Registrar of Motor Vehicles,

Defendants, Appellees

Before
Lynch, Thompson and Barron
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: October 14, 2016

     Peter Crawford filed this 42 U.S.C. § 1983 action in the District of Massachusetts against Rachel Kaprielian and Celia Blue, two former Massachusetts Registrars of Motor Vehicles, in their individual and official capacities.  In relevant part, Crawford alleges that the Registrars violated his federal procedural due process rights by requiring him to pay a non-refundable $25 court filing fee as a precondition to challenging his $140 speeding citation in a state district court in accordance with Mass. Gen. L. c. 90C, § 3.

     The district court dismissed the complaint "save for the violation of procedural due process," ruling that Crawford had stated a cause of action "because, however this breaks down, you're out $25 just to get a hearing."  Following discovery, however, the court granted summary judgment for the defendants from the bench.  It observed that the Massachusetts process for contesting civil motor vehicle infractions is evenhanded--everyone but the indigent "has to pay [$25] for the proces[s] which is due"--and that "the state has a legitimate interest in discouraging frivolous appeals and conserving its judicial resources."

On appeal, Crawford "agrees that the process for challenging the $140 [citation] is constitutionally adequate except for the $25 . . . 'filing fe[e].'"  In his view, "[t]he $25 exaction violates due process because there is no notice and opportunity for a hearing prior to the final deprivation" of the $25.  "The issue is not whether there is a fundamental right of 'cost free access to the courts,' as defendants argue[d below] . . . but rather whether a person may be deprived of his money, a traditional property interest undeniably within the plain language of the Due Process Clause," without notice or an opportunity to be heard.  According to Crawford, the district court "failed to conduct a Mathews weighing" of the competing due process interests[1] and failed to consider "substitute procedural safeguards such as imposing costs only after a motorist is found responsible, or refunding the filing fees paid by those who are not found responsible."

We think the judgment of the court was too summary in the circumstances.  The balancing test in Mathews calls for closer attention to each of three familiar factors, which the district court should revisit on remand at the summary judgment stage and in such further proceedings as may prove necessary:

--the private interest at stake, which, though small ($25), is a precondition to any hearing of the relatively "consequential" and "serious matte[r]" of traffic violations--which can potentially part a person from his or her license (or worse), Gillespie v. City of Northampton, 950 N.E.2d 377, 387 (Mass. 2011)--as hearings are available only in a judicial proceeding, upon payment of the filing fee, with no apparent opportunity for prior administrative review;

--the risk of an erroneous deprivation of such interest through the appeals procedure used--concerning which Crawford seems to have sought discovery of statistical evidence--and the probable value of additional or substitute procedural safeguards; and

--the Commonwealth's interest, including the function involved and the fiscal and administrative burdens of any additional or substitute procedural safeguards.  In this final regard, we note that for decades "[b]efore July 1, 2009, no fee was required to challenge a [traffic] citation before a clerk-magistrate," Police Dept. of Salem v. Sullivan, 953 N.E.2d 188, 191 (Mass. 2011); and that in Massachusetts, there are cost-free avenues to be heard initially for parking violations that are issued in the "several million[s]."  Gillespie, 950 N.E.2d at 381, 384-85.

We take no view as to how the Mathews balancing test should come out or what remedy (if any) might be warranted.  Nor do we take any view as to the related suspension of Crawford's operating privileges.  The judgment of the district court is vacated for further proceedings consistent with this judgment.

By the Court:

/s/ Margaret Carter, Clerk

---

[1] Under Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976), the court must appropriately accommodate the importance of the private interest; the likelihood of governmental error; and the magnitude of the governmental interests involved.

cc:
Hon. William G. Young
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Peter A. Crawford
Douglas S. Martland